# Shamai K. Leibowitz
2023 Reedie Drive, Silver Spring, MD 20902 * 202-450-0348

**HAND-DELIVERED TO THE CLERK**

July 16, 2010

The Honorable Alexander Williams Jr.
United States District Court for the District of Maryland
US Courthouse
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: United States vs. Shamai Leibowitz, No. AW09-0632

Dear Judge Williams:

1. Following my recent letter to the Court (dated July 14, 2010; filed on July 15) I have spoken to several individuals with extensive experience related to the Bureau of Prisons. Following their advice, I am modifying my request to the Court and am respectfully asking the Court to amend the May 25, 2010 Judgment in the following manner: That the Defendant be designated to <u>Federal Prison Camp (FPC)</u> Cumberland, MD or <u>Federal Prison Camp (FPC)</u> Otisville, NY. In the alternative, be designated to the Federal Correctional Institution (FCI) Fort Dix, NJ - West. In addition, to enable the Bureau of Prisons to process the proposed modified Judgment, I am asking to extend my self-surrender date to no later than August 30, 2010.

2. I have consulted with John Clark, a retired career BOP officer who served as prison warden in many facilities, and he informed me that Cumberland, MD has both a Federal Prison Camp (FPC) for first-time offenders of non-violent crimes, and a medium-security Federal Correctional Institution (FCI).

3. In the May 24 hearing, I was not aware that there is both an FPC and a medium-security FCI in Cumberland, MD and therefore simply requested "Cumberland" thinking that it is obvious that I will be recommended to the FPC because I am a US citizen by birth, have no prior criminal history, and my crime was <u>not</u> a crime of violence.

4. This inadvertent error in communication resulted in the Judgment stating "FCI Cumberland" instead of "FPC Cumberland," and likely caused the BOP to designate me to a Federal Correctional Institution rather than a Federal Prison Camp.

5. Mr. Clark explained to me that because the current Judgment had a recommendation to "FCI Cumberland" (instead of "FPC Cumberland"), the Bureau of Prisons probably mistakenly designated me to an FCI (an Institution) and not an FPC (a Camp), resulting in designation to low-security FCI Elkton, OH. According to Mr. Clark, BOP staff may have focused on the recommendation for an FCI. As he understands it, because the protocol of the BOP is to designate to the lowest feasible security level of an FCI, the BOP would not have any reason to send me to a medium-security facility like FCI Cumberland – and, instead, designated me to low-security FCI Elkton, OH. However, if they receive an amended Judgment stating a recommendation to <u>Federal Prison Camp (FPC) Cumberland</u>, they may well designate me to the camp in

Cumberland, MD or to the camp in Otisville, NY –which would serve my religious needs.

6. According to Mr. Clark and Rabbi Menachem Katz from the Aleph Institute, the BOP does not want to hold inmates in a Federal Correctional Institution, which is more costly, and also more problematic for inmates and for staff, if they can serve their sentence in a Federal Prison Camp. <u>The prerequisite, however, is that the Judgment explicitly make a recommendation to a Federal Prison Camp (FPC).</u>

7. In the event that the BOP will refuse to designate me to a Federal Prison Camp, despite a judicial recommendation to do so, I ask to be designated to FCI Fort Dix, NJ - West for the reasons articulated in detail in my July 14 letter. Thus, only as an <u>alternative</u> to the Federal Prison Camp in Cumberland, MD or Federal Prison Camp in Otisville, NY I would ask to be designated to the Federal Correctional Institution (FCI) Fort Dix, NJ.

8. In summary, for the foregoing reasons, I respectfully ask you to amend the May 25 Judgment, and propose the following amendment:

> "IMPRISONMENT… The Court makes the following recommendations to the Bureau of Prisons:
> ☒ That the Defendant be designated to the Federal Prison Camp (FPC) at Cumberland, MD or the Federal Prison Camp (FPC) at Otisville, NY for service of his sentence. In the alternative, to the Federal Correctional Institution (FCI) at Fort Dix, NJ - West.
> ☒ That the Defendant be enrolled in the Residential Drug and Alcohol Program. . .
> ☒ That the Defendant shall surrender at his expense, to the institution designated by the Bureau of Prisons . . . before 2 pm on Monday, August 30, 2010."

9. To further clarify these issues, I respectfully request to hold a short oral hearing on the matter. My attorney, Robert Bonsib, informed me that unfortunately his schedule will not permit him to attend a hearing on this matter in the next 2 weeks. Mr. Bonsib would be available to attend a hearing in early August. Accordingly, I reiterate my request to extend my self-surrender date to August 30, 2010 both to enable a short hearing with my attorney and to enable the BOP to process the proposed amended Judgment. Once again, I emphasize that, if the Court deems necessary, I agree to post bail, or to abide by any additional requirements the Court deems just and necessary.

10. I have spoken with my Probation Officer Norman Lambert, and he has offered to advise the Court on these issues.

11. I do not want to suffer having to serve 20 months in a Federal Correctional Institution rather than a Federal Prison Camp because of an inadvertent error in communication that can be easily corrected.

12. Thank you for your thoughtful consideration of my requests.

Respectfully,

*[signature]*

Shamai K. Leibowitz